UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENIGNA CARBAJAL, SHAULAT ALI CHAUDHRY, MUNEER HALEEM, DALIA WILCENSKI, KHALID MAHMOOD, ULISES ENRIQUE SANTOS LOPEZ, RASHAD RASHEED, MUHAMMAD KHALID NAZIR, ARIF MEHMOOD, IMRAN SAEED, MARIA LOURDES LOPEZ TORRES, JUAN JOSE CASTELANOS, ALEXANDER TORRES, MUHAMMAD QAMAR UL ZAMAN, LUBNA QUAMAR, NISAR CHAUDHRY, EMAD SHAHID QURAISHI, VRAJESH PATEL, JASBIR BADDHAN, and WILFIDO VASQUES VALDEZ, individually and on behalf of others similarly situated, | Case No.: |
| | **COMPLAINT** |
| Plaintiffs, | |
| -against- | **Collective Action and Class Action Complaint** |
| 7-ELEVEN, INC. and CHOE YONG MIN, | |
| Defendants. | |

Plaintiffs Benigna Carbajal ("Carbajal"), Shaulat Ali Chaudhry ("S. Chaudhry"), Muneer Haleem ("Haleem"), Dalia Wilcenski ("Wilcenski"), Khalid Mahmood ("Mahmood"), Ulises Enrique Santos Lopez ("Lopez"), Rashad Rasheed ("Rasheed"), Muhammad Khalid Nazir ("Nazir"), Arif Mehmood ("Mehmood"), Imran Saeed ("Saeed"), Maria Lourdes Lopez Torres ("Lopez Torres"), Juan Jose Castelanos ("Castelanos"), Alexander Torres ("Torres"), Muhammad Qamar UL Zaman ("Zaman"), Lubna Quamar ("Quamar"), Nisar Chaudhry ("N. Chaudhry"), Emad Shahid Quraishi ("Quraishi"), Vrajesh Patel ("Patel"), Jasbir Baddhan ("Baddhan"), and  Wilfido Vasques Valdez ("Valdez") ("Plaintiffs") individually and on behalf

of other similarly situated employees, by and through their attorneys, Fisher Taubenfeld LLP, alleges against Defendants 7-Eleven, Inc. ("7-Eleven") and Choe Yong Min ("Min") as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs are residents of the State of New York and/or were residents of the State of New York during the operative period of this Complaint.

2.      As the unlawful practices complained of herein occurred within the Eastern District of New York, venue is proper within this district pursuant to 28 U.S.C. §1391 (b).

3.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

4.      7-Eleven is a Texas corporation. It maintains a place of business at 2000 Crawford Place, Mt. Laurel, New Jersey 08054.  It is a citizen of the State of Texas.

5.      7-Eleven operates, franchises, or licenses more than 9,700 7-Eleven stores in North America.

6.      Plaintiffs are current or former employees of 7-Eleven franchises located on Long Island, New York.

7.      Defendant Min is the franchisee at the 7-Eleven franchise located at 329 Washington Ave, Brentwood, NY 11717.

A.  *7-Eleven's Employer Status*

8.      7-Eleven is the largest chain in the convenience retailing industry.

9.      The overwhelming majority of 7-Eleven stores are franchises ("Franchise" or "Franchises").

10.     In the 48 contiguous states, 7-Eleven is divided into various zones, each of which has discrete territories designated by 7-Eleven as markets.

11.     Plaintiffs each worked at Franchises located on Long Island.

a.  *7-Eleven's Formal Control Over its Franchise's Employees*

12.     7-Eleven exercises significant control over its Franchises' employees.

13.     7-Eleven requires that its Franchises' employees meet certain employment requirements.

14.     7-Eleven mandates that its franchisees and its Franchises' employees undergo training certified by 7-Eleven.

15.     7-Eleven has the absolute right to terminate any Franchise and therefore terminate the employees that work for that Franchise.

16.     7-Eleven retains control over the schedules of its Franchises' employees by maintaining practices that include but are not limited to:

i.   requiring all Franchises to remain open 24 hours a day, 7 days a week; and

ii.  reserving and exercising discretion to meet with its Franchises' employees on 7-Eleven's timetable.

17.     7-Eleven controls the method of payment to its Franchises' employees by forcing the Franchises to use 7-Eleven's payroll system.  7-Eleven requires its Franchises to

report the hours their employees' work to 7-Eleven and 7-Eleven pays those employees from 7-Eleven bank accounts.

18.     7-Eleven prepares and maintains pay and time records for its Franchises' employees as part of the accounting services it requires Franchises to use.

### b. 7-Eleven's Functional Control Over its Franchises

19.     7-Eleven retains ownership of the premises and all equipment used by the Franchises and their employees.

20.     7-Eleven selects the location of the Franchise, purchases the land and constructs the store, or leases an appropriate structure, and prepares the store for operation, including providing all equipment (shelves, counters, cash registers, lighting and other fixtures, heating and cooling equipment, signs, parking lot preparation, etc.) necessary for its operation.

21.     7-Eleven leases to the franchisees the store and equipment.

22.     7-Eleven Franchises cannot shift to another convenience store chain.  7-Eleven owns the store and all equipment and strictly prohibits its Franchises from competing with 7-Eleven.

23.     7-Eleven's Franchises' employees are integral to the services that 7-Eleven provides.

24.     7-Eleven is a service industry and therefore must ensure that Franchises have sufficient staff to provide services.

25.     7-Eleven's business model forces Franchises to hire employees insofar as 7-Eleven requires all Franchises to remain open 24 hours a day, 7 days a week.

26.     Because no franchisee can work 24 hours a day, 7 days a week, Franchises must hire employees.

27.     7-Eleven requires its Franchises to train employees to strictly follow 7-Eleven's rules and guidelines.

28.     7-Eleven mandates that all individuals working in a Franchise wear 7-Eleven uniforms.

29.     7-Eleven's Franchises' employees' employment shifts from one 7-Eleven franchise to another.

30.     7-Eleven reserves the absolute right to terminate any Franchise and sell the Franchise to a new franchisee.

31.     Upon information and belief, because 7-Eleven requires that Franchises train employees, new franchisees regularly retain the staff that had worked for prior franchisees rather than hire and train new employees.

32.     Customer service is crucial to 7-Eleven's business model and 7-Eleven's Franchises' employees are required to adhere to 7-Eleven's strict customer service guidelines.

33.     7-Eleven's Franchises' employees' work does not require any special skill.

34.     7-Eleven monitors and controls the work performed by its Franchises' employees via:

    i.   requiring that its Franchises use 7-Eleven's payroll system and report to 7-Eleven the hours worked by employees;

    ii.  providing to its Franchises management and operational guidelines via its training of franchisees and their employees;

    iii. providing to Franchises an operations manual that Franchises must strictly abide by;

    iv.  engaging in announced and unannounced weekly visits to Franchises and providing guidance to franchisees on managing their Franchises; and

    v.  meeting with Franchises' employees.

35.    Upon information and belief, 7-Eleven's Franchises' employees work predominately for 7-Eleven franchises.

36.    For example, Plaintiffs worked exclusively or predominately for the Franchises that employed them.

37.    In addition to the foregoing, 7-Eleven exercises other means of control over its Franchises and employees, including but not limited:

    i.  requiring its Franchises to use 7-Eleven's mandatory accounting services, which provides bookkeeping services for its Franchises;

    ii.  paying its Franchises' utility and phone service bills;

    iii.  requiring its Franchises to use 7-Eleven's proprietary Retail Information System, which includes, among other things, a payroll timekeeping mechanism;

    iv.  requiring Franchises to sell 7-Eleven products;

    v.  strictly regulating how Franchises advertise; and

    vi.  requiring Franchises to purchase products from 7-Eleven-approved wholesale vendors.

**B.  Defendant Min's Employer Status.**

38.    Upon information and belief, Defendant Min resides in the State of New York.

39.     Upon information and belief, Defendant Min entered into a franchise agreement with Defendant 7-Eleven.

40.     Pursuant to this agreement, Defendant Min manages the 7-Eleven store located at 329 Washington Ave, Brentwood, NY 11717.

41.     As part of his supervisory responsibility as the Franchisee of his 7-Eleven Franchise, Defendant Min employed individuals including Plaintiffs N. Chaudhry, Quaraishi, Patel, Valdez, and Baddhan.

42.     Defendant Min possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

43.     Specifically, Defendant Min hired and/or fired Plaintiffs N. Chaudhry, Quaraishi, Patel, Valdez, and Baddhan, set their rates of pay and schedule, and maintained records of their work.

44.     Defendant Min possesses operational control over his Franchise and its employees.

### C. *FLSA and NYLL Coverage*

45.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

46.     Upon information and belief, at all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

47.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

48.     At all relevant times, Defendants have been Plaintiffs' employer within the meaning of the NYLL §§ 2 and 651.

49.     At all times relevant hereto, Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

50.     Only Plaintiffs N. Chaudhry, Quraishi, Patel, Baddhan, and Vasquez have claims against Defendant Min, who was the Franchisee of the Franchise located at 329 Washington Avenue, Brentwood, NY 11717.

## NATURE OF THE ACTION

51.     Plaintiffs, on behalf of themselves and other similarly situated employees who have worked for Defendant, bring this action pursuant to: (a) the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); (b) the New York Labor Law ("NYLL"), including, but not limited to Articles 6 and 19; and (c) the New York State Department of Labor's Wage Orders (the "Wage Orders,") codified at 12 N.Y.C.R.R. § 137 and 146 *et seq.*

52.     Defendants committed violations of the FLSA and/or NYLL by:

i.   Failing to pay required minimum wage compensation to Plaintiffs S. Chaudhry, Quaraishi, Patel, Haleem, Wilcenski, Lopez, Lopez Torres, Castelanos, Zaman, and Quamar and other similarly situated employees as required by federal and state law and regulations;

ii.  Failing to pay required overtime compensation to Plaintiffs and other similarly situated employees for hours worked in excess of forty (40) hours per week as required by federal and state law and regulations;

iii. Failing to provide Plaintiffs and other similarly situated employees with spread-of-hours payments under 12 NYCRR 146-1.6 and 137-1.7;

iv. Unlawfully deducting from Plaintiffs' pay in violation of NYLL § 193; and

v. Failing to provide Plaintiffs and other similarly situated employees with a pay notice or proper wage statements as required by NYLL § 195.

## FACTUAL ALLEGATIONS

53.     At all times relevant, Defendants have committed these violations willfully, with knowledge that they have been violating federal and state laws.

54.     7-Eleven knew or should have known that its Franchises' employees were not paid in accordance with the FLSA and NYLL.

55.     7-Eleven creates payroll reports for each Franchise from which it can determine whether the Franchises are paying employees properly.

### A. Plaintiffs' Work Schedule and Compensation

#### a. Plaintiff Carbajal's Work Schedule and Compensation

56.     Beginning in 2007 and ending in February 2013, Plaintiff Carbajal worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige located at 74730 Main Street, Greenport, NY 11944.

57.     During her employment, Plaintiff Carbajal regularly worked 12 hour shifts for six days a week for a total of 72 hours.

58.     For this work, Plaintiff Carbajal was paid $300 a week.

### b. *Plaintiff S. Chaudhry's Work Schedule and Compensation*

59.     Beginning in January 2011 and ending in June 2013, Plaintiff S. Chaudhry worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue, NY 11935.

60.     From January 2011 through December 2012, Plaintiff S. Chaudhry regularly worked 12 hour shifts for six days a week for a total of 72 hours.

61.     For this work, Plaintiff S. Chaudhry was paid $500 a week.

62.     In January 2013, Plaintiff S. Chaudhry began regularly working 3 days a week and worked only 36 hours a week.

63.     For this work, Plaintiff S. Chaudhry was paid $327 a week

64.     Beginning in June 2013 until the end of his employment, Plaintiff S. Chaudhry regularly worked four 12 hour shifts each week for a total of 48 hours weekly.

65.     For this work, 7-Eleven paid Plaintiff S. Chaudhry $410 a week.

### c. *Plaintiff Haleem's Work Schedule and Compensation*

66.     Beginning in 200 and ending in June 2013, Plaintiff Haleem worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue, NY 11935.

67.     During his employment, Plaintiff Haleem regularly worked 12 hour shifts for six days a week for a total of 72 hours, although he sometimes worked an extra eight hour shift.

68.     For this work, Plaintiff Haleem was paid $480 a week.

### d.  Plaintiff Wilcenski's Work Schedule and Compensation

69.     Beginning in 2008 and ending in June 2013, Plaintiff Wilcenski worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue, NY 11935.

70.     During her employment, Plaintiff Wilcenski regularly worked 12 hour shifts for six days a week for a total of 72 hours.

71.     For this work, Plaintiff Wilcenski was paid $450 a week.

### e.  Plaintiff Mahmood's Work Schedule and Compensation

72.     Beginning in November 2011 and ending in June 2013, Plaintiff Mahmood worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue, NY 11935.

73.     During his employment, Plaintiff Mahmood regularly worked 12 hour shifts for six days a week, plus an additional five hour shift for a total of 77 hours.

74.     For this work, Plaintiff Mahmood was paid $900 a week.

### f.  Plaintiff Lopez's Work Schedule and Compensation

75.     Beginning in January 2011 and ending in June 2013, Plaintiff Lopez worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue, NY 11935.

76.     In 2011, Plaintiff Lopez regularly worked 12 hour shifts for six days a week for a total of 72 hours.

77.     Beginning in 2012 until the end of his employment, Plaintiff Lopez regularly worked 12 hour shifts for five days a week for a total of 60 hours.

78.     For this work, Plaintiff Lopez was paid $8.00 per hour in 2011, and in 2012 and 2013 he earned $9.00 per hour.

### g.  Plaintiff Rasheed's Work Schedule and Compensation

79.     Beginning in 2008 and ending in June 2013, Plaintiff Rasheed worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue, NY 11935.

80.     During his employment, Plaintiff regularly Rasheed worked 13 hour shifts for six days a week for a total of 78 hours.

81.     For this work, Plaintiff Rasheed was paid $9.00 per hour for each of his hours, but no additional pay for his hours in excess of 40.

### h.  Plaintiff Nazir's Work Schedule and Compensation

82.     Beginning in March 2008 and ending in June 2013, Plaintiff Nazir worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 28905 Main Street, Cutchogue NY 11935, as well as the 7-Eleven Franchise franchised to Farooq Baige located at 74730 Main Street, Greenport, NY 11944.

83.     Plaintiff Nazir also worked at the 7-Eleven Franchise franchised to Farooq Baige located at 20-22 W Water St Shops, Sag Harbor, NY 11963.

84.     During his employment, Plaintiff Nazir regularly worked 12 hour shifts for seven days a week for a total of 84 hours.

85.     For his work at the Cutchogue and Greenport stores, Plaintiff Nazir was paid $8.50 per hour for each of his hours, but no additional pay for his hours in excess of 40.

86.     When working at Sag Harbor, Plaintiff Nazir received $9.00.

### i.   Plaintiff Mehmood's Work Schedule and Compensation

87.     Beginning in 2009 and ending in June 2013, Plaintiff Mehmood worked as a clerk at the 7-Eleven Franchise franchised to Azhar Zia and located at 128 Carlton Avenue, Islip Terrace, New York, 11752.

88.     During his employment, Plaintiff Mehmood regularly worked 12 hour shifts for six days a week for a total of 72 hours.

89.     For this work, Plaintiff Mehmood was paid $550 a week.

### j.   Plaintiff Saeed's Work Schedule and Compensation

90.     Beginning in January 2011 and ending in June 2013, Plaintiff Saeed worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 2715 Union Blvd., Islip, NY 11751.

91.     During his employment, Plaintiff Saeed regularly worked 12 hour shifts for six days a week for a total of 72 hours.

92.     For this work, Plaintiff Saeed was paid $525 a week, except that he received a raise during his employment to $550 a week.

### k.  Plaintiff Lopez Torres' Work Schedule and Compensation

93.     Beginning in October 2008 and ending in June 2013, Plaintiff Lopez Torres worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 74730 Main Street, Greenport, NY 11944.

94.     During her employment, Plaintiff Lopez Torres regularly worked 12 hour shifts for six days a week for a total of 72 hours.

95.     For this work, Plaintiff Lopez Torres was paid $350 a week.

### l.  *Plaintiff Castelanos' Work Schedule and Compensation*

96.     Beginning in January 2011 and ending in June 2013, Plaintiff Castelanos worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 74730 Main Street, Greenport, NY 11944.

97.     During her employment, Plaintiff Castelanos regularly worked 12 hour shifts for six days a week for a total of 72 hours, except on some occasions, Plaintiff Castelanos worked seven 12 hour shifts.

98.     Plaintiff Castelanos on some occasions was permitted to take a half an hour lunch break.

99.     For this work, Plaintiff Castelanos was paid $450 a week no matter how many shifts he worked.

### m.  *Plaintiff Torres' Work Schedule and Compensation*

100.     Beginning in 2004 and ending in June 2013, Plaintiff Torres worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 74730 Main Street, Greenport, NY 11944, although he also sometimes worked at the Cutchogue location.

101.     During her employment, Plaintiff Torres regularly worked between 14 and 16 hour shifts for six days a week for a total of between 84 hours and 96 hours.

102.     Twice a month, Plaintiff Torres worked seven days for the same schedule.

103.     For this work, Plaintiff Torres was paid $620 a week.

### n.  *Plaintiff Zaman's Work Schedule and Compensation*

104.     Beginning in September 2009 and ending in June 2013, Plaintiff Zaman worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 74730 Main Street, Greenport, NY 11944.

105.    During his employment, Plaintiff Zaman regularly worked 12 hour shifts for six days a week for a total of 72 hours.

106.    For this work, Plaintiff Zaman was paid $328 a week.

### o.  Plaintiff Quamar's Work Schedule and Compensation

107.    Beginning in September 2011 and ending in June 2013, Plaintiff Quamar worked as a clerk at the 7-Eleven Franchise franchised to Farooq Baige and located at 74730 Main Street, Greenport, NY 11944.

108.    During her employment, Plaintiff Quamar regularly worked 10 hour shifts for five days a week for a total of 50 hours.

109.    For this work, Plaintiff Quamar was paid $300 a week.

### p.  Plaintiff N. Chaudhry's Work Schedule and Compensation

110.    Beginning in October 2013 and ending in August 2016, Plaintiff N. Chaudhry worked as a clerk at the 7-Eleven Franchise franchised to Defendant Min and located at 329 Washington Avenue, Brentwood NY 11717.

111.    During her employment, Plaintiff N. Chaudhry regularly worked 13 hour shifts for five days a week for a total of 65 hours.

112.    For this work, Plaintiff N. Chaudhry was paid $600 a week.

### q.  Plaintiff Quraishi's Work Schedule and Compensation

113.    Beginning in April 2007 and ending in July 2014, Plaintiff Quaraishi worked as a clerk at the 7-Eleven Franchise franchised to Defendant Min and located at 329 Washington Avenue, Brentwood NY 11717.

114.    During her employment, Plaintiff Quaraishi regularly worked 13 hour shifts for five days a week for a total of 65 hours.

115.    For this work, Plaintiff Quaraishi was paid $600 a week.

### r.  Plaintiff Patel's Work Schedule and Compensation

116.    Beginning in 2008 and ending in June 2016, Plaintiff Patel worked as a clerk at the 7-Eleven Franchise franchised to Defendant Min and located at 329 Washington Avenue, Brentwood NY 11717.

117.    During his employment, Plaintiff Patel regularly worked 12 hour shifts for six days a week for a total of 72 hours.

118.    For this work, from 2011 through 2014, Plaintiff Patel was paid $10 a hour but was not paid anything extra for his hours he worked in excess of forty.

119.    For this work in 2015, Plaintiff Patel was paid $11 an hour but was not paid anything extra for his hours he worked in excess of forty.

120.    For this work in 2016, Plaintiff Patel was paid $11.50 an hour but was not paid anything extra for his hours he worked in excess of forty.

### s.  Plaintiff Baddhan's Work Schedule and Compensation

121.    Since 1999, Plaintiff Baddhan has worked as a clerk at the 7-Eleven Franchise franchised to Defendant Min and located at 329 Washington Avenue, Brentwood, NY 11717.

122.    From 2012 until June 2013, Plaintiff Baddhan regularly worked 12 hour shifts for five days a week and one extra shift for 6 hours for a total of 66 hours.

123.    In 2016, Plaintiff Baddhan worked five 10 hour shifts, plus an extra sic hour shift for a total of 56 hours.

124.    From 2011 to July 2013, Plaintiff Baddhan was paid $10.00 an hour but was not paid anything extra for his hours he worked in excess of forty.

125.    Beginning in August 2013, Plaintiff Baddhan got a raise to $10.50 an hour, which he continued to be paid until October 2016, when he received a raise to $11.50 an hour.

126.    For this work until June 2013, Plaintiff Baddhan was not paid anything extra for his hours he worked in excess of forty.

### t.  Plaintiff Valdez's Work Schedule and Compensation

127.    Beginning in June 2012 until December 2017, Plaintiff Valdez has worked as a clerk at the 7-Eleven Franchise franchised to Defendant Min and located at 329 Washington Avenue, Brentwood, NY 11717.

128.    From 2006 through February or March 2013, Plaintiff Valdez regularly worked 12 hour shifts for five days a week for a total of 60 hours.

129.    In and about March 2013, Plaintiff Valdez regularly worked 12 hour shifts for six days a week for a total of 72 hours.

130.    From 2011 through June 2013, Plaintiff Valdez was paid $9.00 per hour for each hour worked but was not paid anything extra for his hours he worked in excess of forty.

131.    From July 2013 through June 2015, Plaintiff Valdez was paid $9.50 per hour for each hour worked but was not paid anything extra for his hours he worked in excess of forty.

132.    From July 2013 through June 2017, Plaintiff Valdez was paid $9.00 per hour for each hour worked but was paid $13.50. for his overtime hours.

133.    From July 2017 through December 2017, Plaintiff Valdez was paid $9.50 per hour for each hour worked but was paid $14.25 for his overtime hours.

## B.  FLSA and NYLL Violations

### a.  Failure to Pay Minimum and Overtime Wages

134.    7-Eleven and/or Defendant Min failed to pay Plaintiffs S. Chaudhry, Quaraishi, Patel, Haleem, Wilcenski, Lopez, Lopez Torres, Castelanos, Zaman, and Quamar and other similar situated employees more than the minimum wage for each hour they worked.

135.    7-Eleven and/or Defendant Min also never paid Plaintiffs and other similar situated employees at a rate of 150% of their regular rate of pay for any of the hours they worked in excess of forty (40).  Instead, Defendants paid them a set weekly salary no matter how many hours they worked or except on limited occasions failed to pay them time-and-a-half when they received an hourly rate.

### b.  Failure to Pay Spread-of-Hours Wages

136.    Plaintiffs regularly worked shifts of ten (10) or more hours a day.

137.    Pursuant to 12 NYCRR 146-1.6 and 137-1.7, an employer must pay employees an additional hour of pay at the minimum wage rate when they work ten (10) or more hours in a single day.

138.    7-Eleven and/or Defendant Min failed to pay Plaintiffs and other similar situated employees an additional hour of pay for each day they worked ten (10) or more hours.

### c.  Notice and Recordkeeping Violations

139.    7-Eleven and/or Defendant Min failed to provide Plaintiffs and other similar situated employees as required by NYLL § 195 with a wage notice or proper wage statements.

140.    7-Eleven and/or Defendant Min did not provide Plaintiffs and other similar situated employees with a notice specifying their rates of pay, the basis of pay,

allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

141.    7-Eleven and/or Defendant Min also did not provide Plaintiffs and other similar situated employees with an appropriate wage statement accurately specifying the pay period, their hourly rate of pay, the regular and overtime hours they worked, and any other information required under NYLL § 195.

### d. Unlawful Deductions.

142.    Defendant 7-Eleven's franchisees violated NYLL § 193 by forcing Plaintiffs to live in homes owned by the franchisees and pay rent to the franchisees.

143.    All male employee of the Greenport, Cutchogue, Islip, and Sag Harbor stores were required to live in apartments owned by the franchisees.

144.    Similarly, Plaintiff Wilcenski also lived in a home owned by one of 7-Eleven's franchisees.

145.    The franchisees running these locations required their employees to pay them rent for living in the homes.

146.    Generally, the Plaintiffs who worked at the Cutchogue location paid monthly $250, the ones at Greenport paid $300, the ones at Sag Habor paid $1,000, and the ones at Islip Terrance $250.

147.    An exception to the above, Plaintiff Castellanos had to pay $400 a month.

148.    Depending on the circumstances, some Plaintiffs made separate payments for this forced lodging, while on other occasions, the franchisees deducted the payments from their pay.

149.    In addition to these unlawful deductions, on some occasions, certain Plaintiffs, including Plaintiff Saeed, had their pay deducted when the cash register in the store was short.

150.    Defendant 7-Eleven, as these Plaintiffs' employer, is responsible for the unlawfully deducted wages.

## COLLECTIVE ACTION ALLEGATIONS

151.    Defendants' failure to comply with the FLSA extended beyond Plaintiffs to all other similarly situated employees.

152.    Plaintiffs N. Chaudhry and Patel seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former employees of Defendant Min's Franchise(s) pursuant to 29 U.S.C. § 216(b).

153.    The consent to sue forms for Plaintiffs N. Chaudhry and Patel are attached hereto as **Exhibit 1**.

154.    Upon information and belief, there are at least 50 current or former employees who have been denied minimum wage and overtime compensation while working for Defendant Min's Franchise(s).

155.    At all relevant times, Plaintiffs N. Chaudhry and Patel and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per work-week and willfully failing to keep records required by the FLSA.  The claims of Plaintiffs N. Chaudhry and Patel stated herein are similar to those of the other employees.

156.     Similarly situated former and current employees are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23(b)(3) FOR VIOLATIONS OF THE NYLL

157.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees who were or are employed at 7-Eleven Franchises franchised to Farooq Baige, Azhar Zia, or Defendant Min but who did not receive proper compensation or wage notices and wage statements required by the NYLL with respect to their work at these Franchises.

158.     Upon information and belief, this class of persons consists of not less than one hundred (100) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

159.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, including: whether the employment of Plaintiffs by Defendant 7-Eleven is subject to the jurisdiction and the wage and overtime requirement of the NYLL.

160.     The claims of Plaintiffs are typical of the claims of the above-described class in that all members of the class have been similarly affected by the acts and practices of Defendants.

161.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

162.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

163.    Plaintiffs bring the second through sixth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23, with respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA by Plaintiffs N. Chaudhry and Patel Against All Defendants)

164.    Plaintiffs N. Chaudhry and Patel repeat and reallege all paragraphs above as though fully set forth herein.

165.    Throughout the statute of limitations period covered by these claims, Plaintiffs N. Chaudhry and Patel regularly worked in excess of forty (40) hours per work-week.

166.    At all relevant times hereto, Defendants has had and operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

167.    Plaintiffs seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL by Carabajal, S. Chaudhry, Haleem, Wilcenski, Haleem, Lopez Torres, Torres, Castelanos, Zaman, and Quamar Against Defendant 7-Eleven)

168.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.    Defendant 7-Eleven knowingly and willfully paid Plaintiffs S. Chaudhry, Haleem, Wilcenski, Haleem, Lopez Torres, Torres, Castelanos, Zaman, and Quamar and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

170.    Defendant 7-Eleven's failure to pay the Plaintiffs S. Chaudhry, Haleem, Wilcenski, Haleem, Lopez Torres, Torres, Castelanos, Zaman, and Quamar and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

171.    As a direct and proximate result of Defendant 7-Eleven's willful and unlawful conduct, as set forth herein, Plaintiffs Plaintiffs S. Chaudhry, Haleem, Wilcenski, Haleem, Lopez Torres, Torres, Castelanos, Zaman, and Quamar and other similarly situated employees have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(Overtime Wage Violations under the NYLL by Plaintiffs N. Chaudhry, Quraishi, Patel, Baddhan, and Vasquez Against all Defendants and Other Plaintiffs Against Defendant 7-Eleven)**

172.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

173.    New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any work-week.

174.    Throughout the statute of limitations period covered by these claims, Defendants have knowingly, regularly, and repeatedly failed to pay Plaintiffs at the required

overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per work-week.

175. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damage and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(NYLL Failure to Notify by all Plaintiffs N. Chaudhry, Quraishi, Patel, Baddhan, and Vasquez Against all Defendants and Other Plaintiffs Against Defendant 7-Eleven)**

176. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

177. Pursuant to §195(1) of the NYLL, Defendants were obligated to provide Plaintiffs and other similarly situated employees with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

178. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiffs and other similarly situated employees with an accurate wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

179. Defendants failed to provide Plaintiffs and other similarly situated employees with a notice or accurate wage statement in accordance with §195 of the NYLL.

180. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week or workday Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and

prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(NYLL Spread-of-Hours by Plaintiffs N. Chaudhry, Quraishi, Patel, Baddhan, and Vasquez Against all Defendants and Other Plaintiffs Against Defendant 7-Eleven)**

181.   Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

182.   Pursuant to 12 NYCRR 146-1.6 and 137-1.7, Defendants had an obligation to compensate Plaintiffs and other similarly situated employees for one hour's pay at the minimum wage for each day they worked 10 hours or more.

183.   Although Plaintiffs and other similarly situated employees regularly worked 10 or more hours each day, Defendants failed to compensate Plaintiffs for one hour's pay at the minimum wage.

184.   As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damage and seek recovery for failure to pay spread-of-hours wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(NYLL Unlawful Deductions By All Plaintiffs Against Defendant 7-Eleven Except Plaintiffs N. Chaudhry, Quraishi, Patel, Baddhan, and Vasquez)**

185.   Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

186.    Pursuant to NYLL §193, it was unlawful for Defendant 7-Eleven's Franchisees to deduct from their employees' wages unless the deductions were for their benefit and were authorized in writing by Plaintiffs.

187.    Defendant 7-Eleven's Franchisees routinely forced Plaintiffs except for Plaintiffs N. Chaudhry, Quraishi, Patel, Baddhan, and Vasquez to live in a home and pay rent in contravention of NYLL §193.

188.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, these Plaintiffs have sustained damage and seeks recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

[no more text on this page]

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: June 4, 2018
     New York, New York

Respectfully submitted,

Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by 7-Eleven and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

NISAK. A. CHAUDHRY
NAME

SIGNATURE

4 - 12 - 2018
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by 7-Eleven and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


_Vegesh Patel_
NAME

_J. S Patel_
SIGNATURE

_5/3/18_
DATE