

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph A. Piesco
joseph.piesco@dlapiper.com
T  212.335.4537
F  212.335.4501

March 13, 2019

**VIA ECF**

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

  Re: *Carbajal, et al. v. 7-Eleven, Inc., et al.,*
     <u>Case No. 18-cv-3273 (E.D.N.Y.)</u>

Dear Judge Tomlinson:

  We represent 7-Eleven, Inc. ("Defendant" or "7-Eleven") in the above-referenced action. We write to respectfully request that the Court issue an Order compelling plaintiffs to produce their tax returns for any years in which they worked for franchisees of Defendant during the applicable limitations period (*i.e.*, six years prior to the filing of their Complaint), as requested in Defendant's First Set of Document Requests. As explained below, plaintiffs' tax returns are directly relevant to, and we believe will directly refute, plaintiffs' "joint employer" and ostensible agency claims.

  Plaintiffs are twenty former employees of various franchisees of 7-Eleven. Plaintiffs seek to hold 7-Eleven liable for purported wage and hour violations by its franchisees on two theories: (i) an "ostensible agency" theory, which is premised on plaintiffs' assertion that they believed they were employed by 7-Eleven, not the franchisees, who they contend were mere "agents" of Defendant; and (ii) a "joint employer" theory, claiming that 7-Eleven exerted sufficient control over the franchisees such that it should also be deemed their employer. On October 4, 2018, the Court bifurcated this matter, with the current stage of discovery limited to whether plaintiffs' claims against 7-Eleven are viable and can withstand summary dismissal.

  Plaintiffs' tax returns are directly relevant to plaintiffs' claims – and are all the more critical in light of plaintiffs' paltry document production to date, which consists of a total of just ***33 pages*** of documents (*i.e.*, less than two pages per plaintiff), about a third of which are completely illegible. In the first instance, these tax returns – submitted ***under penalty of perjury*** – identify precisely whom plaintiffs believed their employer to be; if these tax returns identify their employer as a franchisee, this is not only relevant to, but disproves any claim that plaintiffs "believed" they were employed by Defendant. Moreover, plaintiffs' tax returns will demonstrate that any income they received came from the franchisees for whom they worked, not 7-Eleven.



The Honorable A. Kathleen Tomlinson
March 13, 2019
Page 2

Plaintiffs have objected and, following teleconferences and e-mail correspondence, have maintained their objection to producing these documents.

Plaintiffs' objections have no merit. Plaintiffs have broadly taken the position that tax returns only are subject to production in exceptional circumstances, but this simply is not what the case law says. Courts in this Circuit and others routinely compel the production of tax returns in cases involving wage and hour claims under the Fair Labor Standards Act and the New York Labor Law. Among other examples, courts have compelled production of tax returns where – like here – the "source of [plaintiff's] income was relevant" to the matter, *Michelman v. Ricoh Americas Corp.*, 2013 WL 664893, at *2 (E.D.N.Y. Feb. 22, 2013); where tax returns would provide accurate information regarding the source of a party's income, *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *8 (S.D.N.Y. May 24, 2007); to ascertain whether an individual believed themselves to be a contractor or employee, *Hernandez v. Fresh Diet, Inc.*, 2014 WL 5039431, at *8 (S.D.N.Y. Sept. 29, 2014); where a plaintiff has put his income at issue, *Burket v. Hyman Lippitt, P.C.*, 2007 WL 3124637, at *2 (E.D. Mich. Oct. 23, 2007); where the returns were relevant to the calculation of damages, *Bro-Tech Corp. v. Thermax, Inc.*, 2007 WL 2234521, at *3 (E.D. Pa. Aug. 2, 2007); and, generally, where they "could lead to the discovery of admissible evidence," *Yancey v. Hooten*, 180 F.R.D. 203, 215 (D. Conn. 1998). As one court said, "[c]ourts routinely allow tax returns to be discoverable in FLSA cases." *Williams v. Sweet Home Healthcare, LLC*, 2017 WL 2779189, at *3 (E.D. Pa. June 27, 2017) (collecting cases).

The result here should be no different. Indeed, such production is all the more warranted here given that plaintiffs have produced almost no documents in this case, claiming they have nothing more in their possession, but their tax returns should be readily available or, if not in plaintiffs' possession, can be easily requested from the I.R.S. Moreover, as the parties have entered into, and the Court has So Ordered, a Protective Order, plaintiffs are free to designate their tax returns as "Confidential," so there can be no concern of public disclosure or other harm to plaintiffs. In short, these are relevant documents, and there is no prejudice in producing them.

In light of the foregoing, Defendant respectfully asks that the Court compel plaintiffs to produce their tax returns. We thank the Court for its attention to this matter. We are available at the Court's convenience for a conference on these matters, should the Court so desire.

Respectfully submitted,

Joseph A. Piesco

cc: Michael Taubenfeld (counsel for plaintiffs)
Gabrielle Vinci (counsel for defendant Choe Yong Min)