F I S H E R  |  T A U B E N F E L D  L L P

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

March 18, 2019

**VIA ECF**
Hon. A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Courtroom 910
Central Islip, NY 11722-9014

Re: Carbajal et. al. v. 7-Eleven, Inc. et al.
Case No.: 2:18-CV-3273 (SJF)(AKT)

Dear Judge Tomlinson:

We represent Plaintiffs in this matter. We write to oppose Defendant 7-Eleven's motion to compel the production of Plaintiff's tax returns as 7-Eleven has not shown that the tax returns are relevant or that there is a compelling need for their production.

**1. Relevant Background of This Lawsuit.**

Plaintiffs are twenty individuals who worked or work at 7-Eleven franchises in Suffolk County. Of the twenty Plaintiffs, only two continue to work for 7-Eleven. Fourteen Plaintiffs stopped working for 7-Eleven in 2013. Of the remaining Plaintiffs, one ceased his employment in 2014, two finished their work for 7-Eleven in 2016, and one ended his work in 2017. In June 2018, Plaintiffs filed this action under the FLSA and NYLL against 7-Eleven and one franchisee alleging unpaid minimum and overtime wages, along with various NYLL claims.

In this lawsuit, Plaintiffs allege that 7-Eleven was a joint employer under the FLSA because it exercised economic control over Plaintiffs and other employees' work through its extensive control over its franchisees' operations, including maintaining the franchisees' time and pay records and providing payroll services to the franchisees. As part of its control, 7-Eleven processed payroll for its franchisees, including the franchisees that directly employed Plaintiffs. Plaintiffs also allege that the franchisees were ostensible agents of 7-Eleven and therefore 7-Eleven is liable to Plaintiffs for the franchisees' FLSA and NYLL violations.

The Court limited discovery to 7-Eleven's liability and in discovery, 7-Eleven requested a number of documents from Plaintiffs, including their tax returns. Owing to the fact that the vast majority of Plaintiffs ceased working for 7-Eleven many years ago, Plaintiffs only produced a

limited number of documents.[1]  Plaintiffs objected, however, to 7-Eleven's request for tax returns because tax returns are subject to a quasi-privilege.  Plaintiffs and 7-Eleven then met and conferred on this issue both by telephone and in writing and Plaintiffs stood by their objection.  Subsequently, 7-Eleven made this motion.

## 2. The Court Should Deny 7-Eleven's Motion to Compel.

The Court should decline to compel the production of Plaintiffs' tax returns.  Courts in this District have held that "the discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records." D'Arpa v. Runway Towing Corp., No. 12-CV-1120 JG RER, 2012 WL 6138481, at *3 (E.D.N.Y. Dec. 11, 2012); Demirovic v. Ortega, 254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017) (citing cases denying motions to compel tax returns).  While "[i]ncome tax returns are not inherently privileged" courts "are typically reluctant to compel their disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." Agerbrink v. Model Serv. LLC, No. 14CIV7841JPOJCF, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017) (quoting Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010), objections overruled sub nom. Paulino Uto v. Job Site Servs., Inc., No. CV-10-0529(SJF)(ETB), 2010 WL 11632756 (E.D.N.Y. Dec. 14, 2010)).  Given the general policy against requiring the disclosure of tax returns, "[i]n order for a court to compel discovery of income tax returns, a two-pronged test must be met: first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." Agerbrink, 2017 WL 933095, at *5.  This heightened standard is perhaps why despite the ubiquity of joint employment FLSA cases 7-Eleven was unable to cite a single FLSA joint employment case where a court required the production of tax returns.

In any event, 7-Eleven cannot show relevance or a compelling need.  7-Eleven argues that the tax returns are relevant because they are submitted under the penalty of perjury and would "identify precisely whom plaintiffs believed their employer to be."  Def. Let. 1.  We have repeatedly requested that 7-Eleven advise where in the tax returns Plaintiffs would have identified their employer, but 7-Eleven has neglected to provide that information and continues to do so in its letter to the Court.  In any event, federal tax returns do not appear to request such information and while the New York State tax returns include a Form IT-2, that form is merely a "Summary of W-2 Statements" not a reflection of the identity of Plaintiffs' employer.  As a result, Plaintiffs' return would not show anything about the identity of their employer and are therefore "not relevant to any party's claim or defense." N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc., 325 F.R.D. 36, 47 (E.D.N.Y. 2018).  And 7-Eleven cannot show a compelling need because it is aware of which entity issued Plaintiffs' W-2 forms. Agerbrink, 2017 WL 933095, at *7 (no compelling need when the employer's records contained the information).

7-Eleven attempts to analogize this case to cases where the parties dispute whether the plaintiff is an employee or independent contractor because in that context courts regularly do

---

[1] Plaintiffs have also agreed to supplement their production and will do so within two weeks.  Plaintiffs are also awaiting 7-Eleven's documents in useable formats.

2

require the production of tax returns. In independent contractor cases, however, the employees usually do much more than list on their tax return the entity issuing their 1099 forms. They declare themselves independent contractors and take "numerous deductions for business purposes associated with independent contractor status, such as travel, entertainment, lodging, supplies, telephone and depreciation of business assets." See, e.g., Deboissiere v. Am. Modification Agency, No. 09-CV-2316 JS MLO, 2010 WL 4340642, at *3 (E.D.N.Y. Oct. 22, 2010); see also, Hernandez v. Fresh Diet, Inc., No. 12-CV-4339 ALC JLC, 2014 WL 5039431, at *2 (S.D.N.Y. Sept. 29, 2014) (noting that the "four plaintiffs who produced tax returns claiming their [] compensation claimed independent contractor deductions.")[2] Here, Plaintiffs could not have taken any deductions or obtained any favorable tax treatment by listing 7-Eleven as their employer.

7-Eleven's second justification – that "plaintiffs' tax returns will [supposedly] demonstrate that any income they received came from the franchisees for whom they worked, not 7-Eleven" (Def. Let. 1) – fares no better. First, as noted above, Plaintiffs' tax returns will not identify the sources of Plaintiffs' income and will, rather, reflect the identity of the issuer of their W-2 form. More importantly, since 7-Eleven processed payroll for the relevant franchises, 7-Eleven cannot show a compelling need for Plaintiffs' tax returns since it is 7-Eleven, and not Plaintiffs, that would know the source of Plaintiffs' income. 7-Eleven therefore possesses the "relevant data . . . and there is no reason to assume that [7-Eleven's] records are less reliable than any records maintained by the plaintiffs." Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (declining to compel the production of tax returns in a FLSA case).

7-Eleven cites a series of mostly out of Circuit and/or decade-old cases to support its motion, but these cases are distinguishable. Michelman v. Ricoh Americas Corp., No. CV113633MKBGRB, 2012 WL 13046733 (E.D.N.Y. May 21, 2012) involved claims under the Age Discrimination in Employment Act, which, unlike the FLSA or NYLL, permits damages for lost wages and requires a plaintiff to mitigate her damages. The tax returns were therefore relevant to show whether the plaintiff mitigated her damages. Michelman, 2013 WL 664893, at *2 (finding tax returns relevant to "backpay and to mitigation of damages."). See also Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06 CIV 6198 LAK JCF, 2007 WL 1521117 (S.D.N.Y. May 24, 2007) (involving discrimination claims). 7-Eleven's out-of-state cases involve claims entirely unrelated to FLSA and NYLL claims. Burket v. Hyman Lippitt, P.C, No. 05-72110, 2007 WL 3124637 (E.D. Mich. Oct. 23, 2007) (claims under the Exchange Act); Bro-Tech Corp. v. Thermax, Inc., No. CIV. 05-CV-2330, 2007 WL 2234521 (E.D. Pa. Aug. 2, 2007) (Computer Fraud and Abuse Act); Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998) (Fair Debt Collection Practices Act).

Accordingly, because 7-Eleven failed to show that Plaintiffs' tax returns are relevant or that there is a compelling need for the returns, the Court should deny its motion to compel.

Thank you for your attention to the above.

Sincerely,

---------------/s/-----------
Michael Taubenfeld

---

[2] See also Williams v. Sweet Home Healthcare, LLC, No. CV 16-2353, 2017 WL 2779189, at *3 (E.D. Pa. June 27, 2017) (involving question of independent contractor status).