**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
BENIGNA CARBAJAL, et al.

                        Plaintiffs,                                 **ORDER**

                -against-                                 CV 18-3273 (SJF) (AKT)

7-ELEVEN, INC. and CHOE YONG MIN,

                        Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Counsel for Defendant 7-Eleven, Inc. has filed a letter motion seeking to compel production of the Plaintiffs' personal tax returns in this FLSA/NYLL action. *See* DE 28. Defendant's counsel asserts that these returns are directly relevant to the Plaintiffs' claims and that courts "in this Circuit and others routinely compel the production of tax returns in cases involving wage and hour claims under the Fair Labor Standards Act and the New York Labor Law." *Id*. at 2. Plaintiffs oppose the motion, pointing out that plaintiffs' tax returns in an FLSA case are generally not ordered by courts in the Second Circuit. *See* DE 29 at 2. Further, Plaintiffs' counsel adds that the Defendants are unable to show relevance or a compelling need.

      Having carefully considered the arguments presented by both sides, the Court finds Defendant's arguments unavailing. Defendant claims that the returns will "identify precisely whom plaintiffs believed their employer to be; if these tax returns identify their employer as a franchisee, this is not only relevant to, but disproves any claim that plaintiffs 'believed' they were employed by Defendant." DE 28 at 1. The Defendant has presented no evidence that tax returns identify an employer. W-2 forms, on the other hand, identify who issued the W-2 form.

Defendant has likewise not refuted that 7-Eleven processes the payroll for the relevant franchises and, consequently, knows the source of the Plaintiffs' income.

The Court also points out that, not only are the cases cited by Defendant's counsel mostly from outside this jurisdiction – and therefore not binding on this Court – but the facts of those cases are distinguishable in that many of them are not wage and hour cases. Contrary to the Defendant's position, the majority of cases addressing this issue in the Second Circuit have precluded defendants in FLSA cases from obtaining the personal tax returns of plaintiffs. *See, e.g.*, *Quintanilla v. Suffolk Paving Corp.*, 2019 WL 1513455, at *1-*2 (E.D.N.Y. Apr. 4, 2019); *Grant v. Her Imports NY, LLC,* 15 CV 5100, 2018 WL 3133454, at * 2 (E.D.N.Y. Feb. 16, 2018); *Demirovic v. Ortega*, 254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017); *Agerbrink v. Model Service LLC*, 14 Civ. 7841, 2017 WL 933095, at *5-*6 (S.D.N.Y. Mar. 8, 2017); *Delpilar v. Foodfest Depot, LLC*, 15-CV-0459, 2015 WL 9460141, at *2 (S.D.N.Y. Dec. 23, 2015); *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015); *Allstate Ins. Co. v. Kirshner*, No. 3:12 CV 1262, 2015 WL 3620234, at *6 (D. Conn. June 9, 2015); *Caputi v. Topper Realty Corp.*, No. 14-cv-2634, 2015 WL 893663, at *2 (E.D.N.Y. Feb. 25, 2015); *Melendez v. Primavera Meats, Inc*., 270 F.R.D. 143, 145 (E.D.N.Y 2010); *Uto v. Job Site Services, Inc.,* 269 F R.D. 209, 212 (E.D.N.Y. 2010); *McFadden v. Clarkeson Research Group, Inc.*, 2009 WL 10708897, at *1 (E.D.N.Y. Dec. 11, 2009). For these reasons, Defendant 7-Eleven's motion is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
      April 12, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge